**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **SOFLAC Associates, LLC, et al.,**<br><br>*Plaintiffs,*<br><br>**v.**<br><br>**Nathan Isen, Dane Fine Art, LLC, et al.**<br><br>*Defendants.* | **Case No. 1:26-cv-27124-DSL** |

**DECLARATION OF KRISTOPHER ISEN IN SUPPORT OF DANE FINE ART, LLC'S MOTION TO SEVER AND TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

I, Kristopher Isen, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am over eighteen years of age and competent to make this declaration. The facts stated here are based on my personal knowledge and, where indicated, my review of records maintained by Dane Fine Art, LLC in the ordinary course of its business. If called as a witness, I could testify competently concerning matters within my personal knowledge.

2. I am currently managing partner of Dane Fine Art, LLC ("Dane Fine Art"). My responsibilities have given me substantial familiarity with the company's business operations, artwork acquisitions and sales, relevant records, and its transactions with Miami Fine Art Gallery, LLC ("MFAG"). I have also reviewed the allegations in Plaintiffs' Complaint insofar as they concern Dane Fine Art.

3. Dane Fine Art is a fine art dealer operating from Ardmore, Pennsylvania. Its business includes the acquisition, sale of paintings, limited-edition prints, sculptures, and works on paper to collectors, dealers, galleries, and other buyers. We are large consigners to major auction houses including Rago and Bonhams.

4. Works by Andy Warhol and other Pop Art artists form an important part of Dane Fine Art's business.

5. In the ordinary course of business, Dane Fine Art has acquired Warhol and other artworks through established auction houses, including Christie's, Sotheby's, Doyle, and Rago Auctions, as well as from private collectors, galleries, and other dealers. Over the years, we purchased an estimated 80% of our Warhols from Christie's. Such acquisitions are documented through available invoices, auction records, and related business correspondence.

6. Dane Fine Art did not supply forgeries to Leslie Roberts as alleged. It acquired the Warhol artworks it sold to Roberts and his galley MFAG through identifiable third-party transactions. Based on my knowledge of those transactions and review of the relevant business records, Dane Fine Art did not knowingly sell counterfeit works or provide forged authentication documentation to MFAG.

7. Any particular work's acquisition history must be determined from the records for that specific work.

8. Dane Fine Art's sales to MFAG were separate commercial transactions. MFAG's obligation to pay Dane Fine Art was not conditioned on

MFAG later reselling artworks to Plaintiffs or any other purchaser. The dates of MFAG's alleged resales varied, and some transactions described in the Complaint occurred months after Dane Fine Art's sales to MFAG. Even the Complaint shows this on its face. For example, Paragraph 84 discusses a number of Warhol works we sold to MFAG. MFAG is not alleged to have sold its purported Warhols of the same design to the Perlmans till months later.

9. In reviewing the transactions referenced in the Complaint, I have identified instances in which the description of an artwork does not appear to correspond to the edition number, proof designation, color, or other identifying characteristics reflected in Dane Fine Art's records. Works sharing a Warhol image are not necessarily the same physical impression. The relevant records must therefore be considered on an artwork-by-artwork basis.

10. The review of art records will establish that the works Dane purchased and sold to Roberts came from legitimate auctioneers and collectors. For example, Dane Fine Art purchased a Warhol Witch Trial Proof print through Christie's in April 2023 for $74,844 and sold that work to MFAG on October 16, 2023, for $79,850. The precise purchase date and impression identification are reflected in the underlying records.

11. Dane Fine Art separately purchased another Warhol Witch print through Rago Auctions for $41,580 and sold that work to MFAG for $49,500. These were separate transactions concerning distinct impressions.

12. Dane Fine Art purchased a Warhol Cow print through Doyle Auctions in New York for $10,080 and subsequently sold the work to MFAG.

13. Dane Fine Art also purchased the Warhol print identified in its records as Truck 369 through Doyle Auctions for $44,100 and subsequently sold it to MFAG for $46,600.

14. The original auction-house records and testimony from persons familiar with these acquisitions should be material to identifying the particular artworks, establishing their acquisition histories, and explaining the circumstances of the transactions. These sources are distinct from records concerning MFAG's subsequent representations or sales to Plaintiffs. The relevant people are based near Pennsylvania.

15. I expect that our defense in this case will require trial testimony from our contacts we worked with at these entities to help us establish the authenticity of the art we purchased and sold to MFAG.

16. Among the potential sources of relevant information in New York and New Jersey are representatives of Christie's, including Libia Elena Nahas, of Christie's which is headquartered in Manhattan, New York; Cynthia L. Klein, Senior Vice President, Director, Prints & Multiples of Doyle, which is headquartered in Manhattan’s Upper East Side; and Meredith Hilferty, Director of Fine Art Auctions at Rago Arts and other appropriate representatives of Rago Auctions, headquartered in Lambertsville, New Jersey. All of these individuals have relevant knowledge and business records relating to Dane Fine Art's

acquisitions through that auction house and could be very important to Dane's defense.

17. Chanler Rutherfurd of Sotheby's; Deborah Ripley, Former Director of Prints & Multiples at Bonhams; and Michael Haber, art dealer and owner of Wooster Projects are also potential relevant witnesses. None of them are based in Florida.

18. Other potentially relevant business contacts or sources of records in the Northeastern and Mid-Atlantic regions include Grogan & Company in Massachusetts and Peter Bortz and Jon Vanderbosch from Georgetown Frame Shoppe in Washington, D.C. Their potential roles, if any, will depend on the particular transactions and documents at issue.

19. Dane Fine Art's principal business operations are conducted from Ardmore, Pennsylvania, where its gallery is located. Its activities relating to MFAG, including the administration of acquisitions and sales, were conducted principally from Pennsylvania.

20. Dane Fine Art maintains relevant business records in Pennsylvania, including purchase and sale invoices, auction documentation, correspondence, and other materials concerning transactions with MFAG.

21. I reside in Lower Merion Township in the state of Pennsylvania. Nathan Isen resides in Lower Merion Township. Other members of Dane Fine Art reside in Lower Merion Township, and in the state of Pennsylvania.

22. Artworks not on display are generally stored at Dane Fine Art's location in Ardmore PA. Prior to their sale or delivery to MFAG, the vast majority of the particular Warhol works involved in the transactions discussed above were located in the art gallery located in Ardmore PA. Art shipments are received from or sent from a nearby Philadelphia shipping location.

23. Dane Fine Art subsequently repurchased certain artworks previously sold to MFAG, storing them in Pennsylvania. Some of these works were then consigned to and resold at Rago Auctions. The related purchase and repurchase records are among the documents that may be relevant to the transactions at issue.

24. I declare under penalty of perjury that the foregoing is true and correct.

_/s/ Kristopher Isen________
Kristopher Isen
Managing Partner
Dane Fine Art, LLC