IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY

SOFLACASSOC. LLC, et al.

v. : File No. 2025-00932

Leslie Roberts, et al.

**SUBPOENA TO PRODUCE DOCUMENTS OR THINGS FOR DISCOVERY PURSUANT TO RULE 4009.22**

**TO:** DANE FINE ART, LLC
**(Name of Person or Entity)**

**Within twenty (20) days after service of this subpoena, you are ordered by the Court to produce the following documents or things:** SEE SCHEDULE A

**at** shalia sakona @ quinn emanuel.com
**(Address)**

**You may deliver or mail legible copies of the documents or produce things requested by the subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.**

**If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.**

**THIS SUBPOENA WAS ISSUED AT THE REQUEST OF THE FOLLOWING PERSON:**

**NAME:** Shalia Sakona

**ADDRESS:** Quinn Emanuel Urquhart & Sullivan, LLP
2601 South Bayshore Dr.
Ste 1550
Miami FL 33133

**TELEPHONE:** 305-402-4880

**SUPREME COURT ID #:** (FL) 107398

**ATTORNEY FOR:** Plaintiffs

**BY THE COURT:**
Noah Marker, Prothonotary

**DATE:** 1/15/2025
**Seal of the Court**

**BY:** [signature]
**Agent/Deputy**

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY

SOFLACASSOC. LLC, et al. v. : File No. 2025-00932

Leslie Roberts, et al.

**SUBPOENA TO PRODUCE DOCUMENTS OR THINGS FOR DISCOVERY PURSUANT TO RULE 4009.22**

**TO:** DANE FINE ART, LLC
**(Name of Person or Entity)**

**Within twenty (20) days after service of this subpoena, you are ordered by the Court to produce the following documents or things:** SEE SCHEDULE A

**at** shalia sakona @ quinn emanuel.com
**(Address)**

**You may deliver or mail legible copies of the documents or produce things requested by the subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.**

**If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.**

**THIS SUBPOENA WAS ISSUED AT THE REQUEST OF THE FOLLOWING PERSON:**

**NAME:** Shalia Sakona

**ADDRESS:** Quinn Emanuel Urquhart & Sullivan, LLP
2601 South Bayshore Dr.
Ste 1550
Miami FL 33133

**TELEPHONE:** 305-402-4880

**SUPREME COURT ID #:** (FL) 107398

**ATTORNEY FOR:** Plaintiffs

**BY THE COURT:**
**Noah Marlier, Prothonotary**

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| SOFLAC ASSOCIATES, LLC, RMP INVESTMENTS, LLC, MCANDREW PHILLIPS & COMPANY 401K PLAN, MATTHEW H. PERLMAN, JUDY PERLMAN, and RICHARD M. PERLMAN,,<br><br>Plaintiffs,<br><br>v.<br><br>LESLIE ROBERTS, MIAMI FINE ART GALLERY, LLC, and ALEX HERMAN,<br><br>Defendants. | File No. 2025-00932<br><br>Montgomery Co Prothonotary<br>JAN 15 '25 PM3:11 |

**PRAECIPE TO ISSUE FOREIGN SUBPOENA PURSUANT TO 42 PA.C.C. § 5335**

TO THE PROTHONONTARY:

Request is hereby made that you please issue a subpoena for the production of documents to Dane Fine Art, LLC, pursuant with 42.Pa.C.C. § 5335 in accordance with the duly executed Subpoena Duces Tecum issued in an action pending before the Circuit Court of the Eleventh Judicial Circuit, In and For Miami-Dade County, Florida, Complex Business Litigation Division entitled *SOFLAC Associates, LLC et al. v. Leslie Roberts, et al., Case No. 2024-016550-CA-01 (CA 43)*, a copy which is annexed hereto.

A list of participants in the underlying New York matter is as follows:

QUINN EMANUEL URQUHART & SULLIVAN LLP
Luke Nikas (*pro hac vice*)
Paul B. Maslo (*pro hac vice*)
Michael Nosanchuk (*pro hac vice*)
295 Fifth Avenue
New York, NY 10016
Tel.: (212) 849-7000
lukenikas@quinnemanuel.com
paulmaslo@quinnemanuel.com

LAW OFFICES OF AARON RESNICK, P.A.
Aaron R. Resnick (FL Bar No. 141097)
100 Biscayne Blvd., Suite 1607
Miami, FL 33132
Tel.: (305) 672-7495
aresnick@thefirmmiami.com

*Attorney for Defendants*

michaelnosanchuk@quinnemanuel.com

Shalia Sakona (FL Bar No. 107398)
Daniel Humphrey (FL Bar No. 1024695)
2601 South Bayshore Dr., Suite 1550
Miami, FL 33133
Tel.: (305) 402-4880
shaliasakona@quinnemanuel.com
danielhumphrey@quinnemanuel.com

*Attorneys for Plaintiffs*

DATED: Miami, Florida
January 10, 2025

QUINN EMANUEL URQUHART & SULLIVAN LLP

By

Shalia Sakona (FL Bar No. 107398)
2601 South Bayshore Dr., Suite 1550
Miami, FL 33133
Tel.: (305) 402-4880
shaliasakona@quinnemanuel.com

*Attorneys for Plaintiffs*

IN THE CIRCUIT COURT OF 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Complex Business Litigation Division

2024-016550-CA-01 (CA 43)

SOFLAC ASSOCIATES, LLC, RMP INVESTMENTS, LLC, MCANDREW PHILLIPS & COMPANY 401K PLAN, MATTHEW H. PERLMAN, JUDY PERLMAN, and RICHARD M. PERLMAN,

Plaintiffs,

v.

LESLIE ROBERTS, MIAMI FINE ART GALLERY, LLC, and ALEX HERMAN,

Defendants.

_______________________________________/

**THE STATE OF PENNSYLVANIA**

**SUBPOENA TO PRODUCE DOCUMENTS OR THINGS FOR DISCOVERY PURSUANT TO RULE 4009.22**

TO: Dane Fine Art, LLC
430 Devereaux Drive
Villanova, PA 19085

Within twenty (20) days after service of this subpoena, you are ordered by the court to produce the documents requested in **Schedule A** over **email to shaliasakona@quinnemanuel.com** and to this Subpoena at the following address:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
ATTN: Luke Nikas
295 Fifth Avenue
New York, NY 10016

If necessary, in person, can also be delivered to Veritext Court Reporters, 1650 Market Street, Suite 5051, Philadelphia, PA 19103.

You must deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. If you prefer to provide electronic copies of these documents, please contact the undersigned attorneys, Luke Nikas and Shalia Sakona (lukenikas@quinnemanuel.com, shaliasakona@quinnemanuel.com) to coordinate electronic delivery.

You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

As instructed in the attached Notice of Certificate of Compliance, Pursuant to 231 Pa. Code. Rule 4009.27, you are required to complete a Certificate of Compliance when producing documents or things pursuant to this subpoena, certifying that, to the best of your knowledge and information and belief, all responsive documents and things have been produced.

This subpoena was issued at the request of the following person:

Attorney Name: Luke Nikas, Esq.

Identification Number: New York Bar No. 4491049

Address: 295 Fifth Avenue
New York, NY 10016

Telephone number: (212) 849-7000

Email: lukenikas@quinnemanuel.com

Dated: January 10, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

BY: */s/ Shalia Sakona*

Luke Nikas (*pro hac vice*)
Paul B. Maslo (*pro hac vice*)
Michael Nosanchuk (*pro hac vice*)
295 Fifth Avenue
New York, NY 10016
Tel.: (212) 849-7000
lukenikas@quinnemanuel.com
paulmaslo@quinnemanuel.com
michaelnosanchuk@quinnemanuel.com

Shalia Sakona (FL Bar No. 107398)
Daniel Humphrey (FL Bar No. 1024695)
2601 South Bayshore Dr., Suite 1550
Miami, FL 33133
Tel.: (305) 402-4880

shaliasakona@quinnemanuel.com
danielhumphrey@quinnemanuel.com

*Attorneys for Plaintiffs*

BY THE COURT:

DATE: ____________ By ______________________________________

(Prothonotary)

Seal of the Court

## SCHEDULE A

## INSTRUCTIONS

1. A copy of the Amended Complaint in this Action is attached as **Exhibit 1**, for your reference in responding to this subpoena.

2. In producing Documents and other materials, you are requested to furnish all responsive Documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

3. If any part of a Document is responsive to any request, the whole Document is to be produced. Each Document shall be produced in its entirety, including any attachments. No non-privileged material shall be redacted.

4. A Request for any Document shall be deemed to include, in addition to the Document itself, a request for exhibits and attachments to the Document and enclosures sent or kept with the Document.

5. Any alteration of a responsive Document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a final document is a separate and distinct Document and must be produced.

6. If you are unable to produce a Document in response to any Request, so state, and indicate whether the Document ever existed, or whether the Document once existed but cannot be located. If any Document once was, but is no longer in your possession, custody or control, provide a statement with the following information:

a. Whether the Document is still in existence, and if so, the name and business address of each person in whose custody a copy of the Document may be found;

b. Whether the Document has been lost or destroyed, and if destroyed, why and by whom;

c. Whether the Document has been otherwise disposed of, stating who disposed of it, and the date and manner of disposition; and

d. To the extent any Documents are lost or destroyed, produce any Documents which support your assertion that the Document was lost or destroyed, and provide the date thereof.

7. If you file a timely objection to any portion of a request, definition, or an instruction, provide a response to the remaining portion.

8. The fact that a Document is produced by another party in the above-captioned action does not relieve you of the obligation to produce your copy of the same Document, even if the two Documents are identical in all respects.

9. In producing Documents and other materials, you are requested to furnish all Documents or things in your possession, custody or control, regardless of whether such Documents or materials are possessed directly by you or your representatives or agents.

10. Documents are to be produced in full; redacted Documents will not constitute compliance with these requests. If any requested Document or thing cannot be produced in full, produce it to the extent possible, indicating which Document or portion of that Document is being withheld and the reason that Document is being withheld.

11. In producing Documents, you are requested to produce the original of each Document requested together with all non-identical copies and drafts of that Document. If the original of any Document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

12. All Documents shall be produced as they are kept in the usual course of business or categorized based on the request to which they respond. If applicable, for any Document produced, produce copies of all labels or other identifying marks indicating the file folder.

13. Where a claim of privilege is asserted in objecting to any Request, or subpart thereof, produce all requested Documents that are not privileged. As to each Document which you claim is privileged, provide a privilege log clearly identifying each such Document, including the following information:

a. Whether the attorney-client communication privilege, the work-product doctrine, or another form of privilege provides the basis for withholding the document;

b. The type of Document being withheld (letter, memo, etc.) and the general subject matter;

c. The purpose for the creation of the Document;

d. The date of the Document;

e. The name of the author and the author's capacity;

f. The names of all recipients (including copy recipients) and the recipients' capacities; and

g. A detailed and specific explanation of all of the reasons why you contend that the Document is privileged or immune from discovery, including a clear statement of all factual grounds and legal analyses in a non-conclusory fashion.

13. When information with respect to a corporation, partnership, limited liability company or unincorporated association or entity is called for in the Requests, such reference shall be construed to include information with respect to that entity and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, accountants and all other persons or entities acting on its behalf or under its control.

14. Unless otherwise specified, the relevant period for purposes of responding to these Requests shall be January 1, 2022 through the present (the "Relevant Period").

15. These Requests are continuing in nature. To the extent additional responsive documents or information become available after your initial response to these Requests, you are obligated to supplement your responses and document productions as appropriate to ensure a fulsome production.

**DEFINITIONS**

1. The "Amended Complaint" refers to the Amended Complaint filed in this action on November 21, 2024.

2. The "Action" refers to the case captioned *SOFLAC Associates, LLC et al. v. Roberts et al.*, No. 2024-016550-CA-01 (CA 43), filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Date County, Florida.

3. "Alex Herman" refers to the individual described in Paragraph 8 of the Complaint, Leslie Roberts' supposed contact at the Warhol Foundation.

4. "AW Works" refers to all of the artworks purporting to be by Andy Warhol that Defendants acquired for or sold to Plaintiffs or the Joint Venture. The "AW Works" include all such works purportedly acquired from the Andy Warhol Foundation for the Visual Arts, as well as all such works acquired from Dane Fine Art. The "AW Works" include but are not limited to the works identified in Exhibit C to the Amended Complaint.

5. "Bank Record" means any account statement, transfer slip, transfer receipt, deposit receipt, withdrawal receipt, checks, check deposits, teller notes, banking or overdraft fee, debit card transaction receipt, credit card transaction receipt, mobile deposit receipt, digital wallet

receipt, digital wallet transaction summary, ATM receipt, ATM transaction summary, and any Communications related to the foregoing.

6. "Communications" means any recorded act or instance whereby messages, data, ideas, thoughts, beliefs, feelings, opinions, or any other information are transmitted orally, visually, in writing, electronically, by telecopier or by any other means or media. "Communications" include, but are not limited to, letters, invoices, emails, text messages, voicemails, and voice messages, including any such communications transmitted through any social media or messaging app (*e.g.*, WhatsApp, Instagram, Facebook, SnapChat, Signal, Telegram, etc.).

7. "Concerning" shall mean concerning, relating to, mentioning, referring to, pertaining to, evidencing, reflecting, identifying, incorporating, summarizing, involving, describing, discussing, commenting on, demonstrating, embodying, responding to, supporting, contradicting, containing, or constituting (in whole or in part).

8. "Defendants" means the Defendants in the Action, Miami Fine Art, Leslie Roberts and Alex Herman.

9. "Dane Fine Art" refers to the party to whom this subpoena is directed, which has an art gallery located at 2320 Haverford Road, Ardmore, PA 19003, and includes any person, employee, agent, or representative acting or purporting to act on its behalf.

10. "Document" is used in its broadest sense and shall mean, without limitation, any written, typed, graphic or printed matter, in its entirety, including any addenda, supplements, amendments, revisions, exhibits and appendices thereto, and in its original form (or copies thereof where originals are unavailable), together with any copies thereof bearing notations, memoranda, or other written information not on the original, including, but not limited to, correspondence,

memoranda, notes, drafts, records, letters, envelopes, telegrams, teletypes or telecopy messages, facsimile messages, contracts, agreements, statistical statements and records, financial statements, trade letters, press releases, plans, schedules, comparisons, telephone logs and messages, articles, magazines, newspapers, resolutions, minutes or transcripts of meetings, inter-office and intra-office communications, electronic mail/message, charts, graphs, photographs, audio recording, films, tapes, discs and diskettes, data cells, print-outs, computer input data, computer output data, computer runs, including without limitation, electronically sensitive storage media such as microfiche, microfilm, computer disk, magnetic tapes, including any deleted files and any archived files, and any preliminary data or revisions of the foregoing, or other tangible things which constitute or contain matters within the scope of the Florida Rules of Civil Procedure, and which are within the possession, custody, or control of you or any past or present agent, employee, consultant, attorney, or any other person acting on your behalf. The term "Document" also includes the file, folder, tabs, and label attached to or containing any Document.

11. The "Joint Venture" refers to the joint venture between Miami Fine Art and Plaintiff SOFLAC Associates, LLC, which was formed to acquire original Andy Warhol artworks.

12. "Miami Fine Art" means Miami Fine Art Gallery, LLC and its agents, representatives, employees, managers, officers, or directors, and any other person(s) acting for it, or on its behalf, or under its authority and control.

13. "Plaintiffs" means any and all of the Plaintiffs in this action, SOFLAC Associates, LLC, RMP Investments, LLC, McAndrew Phillips & Company 401K Plan, Matthew H. Perlman, Judy Perlman, and Richard M. Perlman, and any of their agents, representatives, employees, managers, officers, or directors, and any other person(s) acting for them, or on their behalf, or under their authority and control.

14. "Person" or "Persons" means any natural person, individual, proprietorship, joint venture, firm, partnership, corporation, business enterprise, governmental body, trust group of natural Persons or any entity.

15. The "Warhol Foundation" refers to The Andy Warhol Foundation for the Visual Arts and includes any Person or entity acting or purporting to act on its behalf.

16. "You," "Your," and "Yours," refers to Dane Fine Art, the individual responding to these requests.

17. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all Documents that might otherwise be construed to be outside the scope.

18. "All" shall be construed to mean "any and all."

19. The present tense shall be construed as the past tense and vice-versa.

20. The plural shall include the singular and vice-versa. *E.g.*, requests Concerning "Plaintiffs" or "Defendants" seek Documents and Communications that are pertinent to any one or any number or all of the Plaintiffs or Defendants. Where a Request contains subparts, you shall respond separately to each subpart.

**DOCUMENTS TO BE PRODUCED**

1. Documents and Communications Concerning the Action, including, but not limited to, Communications with Miami Fine Art, Leslie Roberts, and/or their legal counsel, Jonathan Davidoff and Aaron Resnick.

2. Documents and Communications Concerning Plaintiffs, including Documents and Communications Concerning the sale of artworks to Plaintiffs.

3. Communications with Leslie Roberts and/or Miami Fine Art Concerning any artworks attributed to Andy Warhol.

4. Documents and Communications Concerning any artworks attributed to Andy Warhol that You sold to or through Miami Fine Art or Leslie Roberts, including, but not limited to:

a. Documents and Communications Concerning Your acquisition of such works, including all related auction information, purchase agreements, invoices, proofs of payment, and other purchase documentation;

b. Documents and Communications Concerning Your sale of such works including all auction information, purchase agreements, invoices, proofs of payment, and other purchase documentation;

c. Documents and Communications Concerning the authenticity of such works, including provenance documentation and communications with authenticators;

d. Documents and Communications Concerning the value and condition of such works, including appraisals, Communications with appraisers, auctioneers, and prospective buyers, and condition reports; and

e. Documents and Communications Concerning Your delivery of such works to Miami Fine Art, Leslie Roberts, or any buyer who purchased from You through them.

5. Documents and Communications Concerning any artworks that You sold to Plaintiffs or the Joint Venture, including:

f. Documents and Communications Concerning Your acquisition of such works, including all related auction information, purchase agreements, invoices, proofs of payment, and other purchase documentation;

g. Documents and Communications Concerning Your sale of such works including all auction information, purchase agreements, invoices, proofs of payment, and other purchase documentation;

h. Documents and Communications Concerning the authenticity of such works, including provenance documentation and communications with authenticators;

i. Documents and Communications Concerning inspections by You or on Your behalf of such works;

j. Documents and Communications Concerning the value and condition of such works, including appraisals, Communications with appraisers, auctioneers, and prospective buyers, and condition reports; and

k. Documents and Communications Concerning Your delivery of such works to Plaintiffs or the Joint Venture.

6. Bank Records Concerning Your sale of artworks to Plaintiffs or the Joint Venture.

7. All other Documents and Communications Concerning the AW Works.

8. Communications with Alex Herman.

9. Documents and Communications Concerning Alex Herman.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Complex Business Litigation Division

2024-016550-CA-01 (CA 43)

SOFLAC ASSOCIATES, LLC, RMP INVESTMENTS, LLC, MCANDREW PHILLIPS & COMPANY 401K PLAN, MATTHEW H. PERLMAN, JUDY PERLMAN, and RICHARD M. PERLMAN,

Plaintiffs,

v.

LESLIE ROBERTS, MIAMI FINE ART GALLERY, LLC, and ALEX HERMAN,

Defendants.

_______________________________________/

**NOTICE OF CERTIFICATE OF COMPLIANCE:**

To Dane Fine Art, LLC:

You are required to complete the following Certificate of Compliance when producing documents or things pursuant to the Subpoena.

**CERTIFICATE OF COMPLIANCE WITH SUBPOENA TO PRODUCE DOCUMENTS OR THINGS PURSUANT TO RULE 4009.23**

I, ________________________________________, on behalf of Dane Fine Art, LLC, certify to the best of my knowledge, information and belief that all documents or things required to be produced pursuant to the Subpoena issued on behalf of Plaintiffs in the Action have been produced.

Dane Fine Art, LLC

By (signature): ______________________________________ Date: ________________

Title: ______________________________________________