**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**SOFLAC ASSOCIATES, LLC, et al.**

**Plaintiffs,**

**CASE NO: 1:26-cv-27124-DSL**

**v.**

**Edward Kurstak, et al.**

**Defendants.**

________________________________________/

**DEFENDANT EDWARD KURSTAK'S MOTION TO DISMISS AND MEMORANDUM OF LAW**

Pursuant to Florida Rules of Civil Procedure 12(b)(6), Defendant Edward Kurstak, by and through undersigned counsel, hereby moves to dismiss the Complaint filed by Plaintiffs SOFLAC Associates, LLC, RMP Investments, LLC, McAndrew Phillips & Company 401K Plan, Judy Perlman, and Richard M. Perlman, for the reasons set forth in the accompanying Memorandum of Law in support thereof.

## I. INTRODUCTION

Having already pursued and settled with the architect of their loss, Plaintiffs are now attempting to hold Defendant Edward Kurstak ("Kurstak") jointly and severally liable for $6.7 million in damages through a conclusory guilt-by-association pleading. Despite Kurstak only ever

operating as an independent art dealer out of Florida, Plaintiffs have sought damages under federal and state racketeering statutes. The Complaint is an attempt to cast a wide net to seek damages from art dealers who have merely sold inventory to the Miami Fine Art Gallery ("MFAG") in the past. Kurstak is a casualty of this overreach.

Out of the 178 paragraphs in the Plaintiffs' complaint, Kurstak is scarcely mentioned at all. Kurstak's name appears in only 14 of the 178 paragraphs. *See* Complaint ¶¶ 9, 10, 14, 36, 52, 88, 92, 110, 111, 136, 142, 164, 170, 175. Of those 14 paragraphs, only 3 allege specific conduct by Kurstak (*Id.* ¶¶ 52, 88, 92), with the remaining paragraphs levying vague conclusory allegations as to Kurstak's conduct or knowledge. Plaintiffs allege no dates, no invoices, no dollar amounts, no interstate wires or communications, and no direct contact between Kurstak and Plaintiffs or awareness by Kurstak of other defendants' actions. Furthermore, although Plaintiffs include screenshots of two invoices in the Complaint, Plaintiffs do not plead that any of the artwork alleged to have been provided by Kurstak to MFAG is the same artwork that was sold by MFAG to Plaintiffs.

This action should be dismissed as to Kurstak for failure to state a claim.

## II. THE ALLEGED CONDUCT

According to the Complaint, Plaintiffs' losses stem solely from a relationship and joint venture concocted exclusively by non-party Leslie Roberts ("Roberts") as owner of MFAG. Compl. ¶¶ 1-2, 7, 9. Beginning in February 2023, Roberts solicited the Plaintiffs to invest millions of dollars in purportedly authentic Andy Warhol paintings and prints under a joint arrangement in which Roberts and Plaintiffs agreed to a "50/50 split" of profits upon resale of the paintings. *Id.* ¶¶ 2-4, 6-9.

To induce Plaintiffs to part with over $6.7 million across many different transactions, Roberts personally executed an elaborate series of deceptions. *Id.* ¶ 9. Roberts dealt directly with Plaintiffs in person, by phone, and via email, constantly reassuring them of the authenticity, scarcity, and appreciation potential of the works he selected for their portfolio. *Id.* ¶ 6-9. When Plaintiffs requested further verification, Roberts used a counterfeit domain, "alex@andywarholfoundation.co," and posed as a fictitious Foundation representative named "Alex Herman" to issue fabricated authentication confirmations directly to the Plaintiffs. *Id.* ¶ 14-15, 94-109. Despite meeting and beginning to transact with Roberts in February of 2023, Plaintiffs did not seek their own evaluation of these works until December

of 2023. *Id.* ¶¶ 113-114. When Christie's flagged certain works as inauthentic, Roberts dispatched individuals to Plaintiffs' home with counterfeit Phillips auction-house business cards to inspect the collection and falsely confirm its authenticity to Plaintiffs. *Id.* ¶¶ 113-114, 116, 118.

Plaintiffs allege that Kurstak sold works "through MFAG" while representing the works came from the Foundation, despite failing to identify any transactions Kurstak facilitated through MFAG nor any representations made by Kurstak to Plaintiffs or any other customer of MFAG. *Id.* ¶ 52. Plaintiffs further allege that Kurstak affixed fraudulent stamps to some works and that MFAG sold works to Plaintiffs that contained Kurstak's stamp – again without identifying a singular specific instance of Kurstak stamping a work. *Id.* Plaintiffs also neglect to identify what this supposed stamp looked like, what it represented, its size, shape, or color, and fail to provide any identifying factors whatsoever as to the contents of this stamp.

Plaintiffs allege that Kurstak supplied MFAG with the following works: "Andy Warhol Test Prints," "Beethoven Set of 4," "Endangered Species African," "Endangered Species Orangutan," "Dollar Sign Set of 4," and "Details of Renaissance Paintings" and claim that Kurstak fraudulently stamped "many of these" works. *Id.* ¶ 88. Plaintiffs fail to allege any

substance as to when, where, or how these transactions took place nor identify a sales price or whether they were resold, nor which of these paintings were specifically stamped by Kurstak. Finally, Plaintiffs make a conclusory allegation that Kurstak knew of Roberts and MFAG's fraudulent conduct because Kurstak allegedly told Roberts to claim he was obtaining art from the Foundation. *Id.* ¶ 92.

## III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, that tenet "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Ultimately, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

A claim of fraud falls under a heightened standard of pleading. To bring a claim alleging fraud, a party "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this

heightened pleading standard, a complaint may assert the following: "'(1) precisely what statements were made in what documents or oral representations or what omissions were made'; '(2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same'; '(3) the content of such statements and the manner in which they misled the plaintiff'; and '(4) what the defendants obtained as a consequence of the fraud.'" *ECB USA, Inc. v. Savencia Cheese USA, LLC*, 148 F.4th 1332, 1346 (11th Cir. 2025) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)).

## IV. ARGUMENT

### A. Plaintiff Fails to State a Claim for Unjust Enrichment

To prevail on a claim for unjust enrichment under Florida law, a plaintiff must prove that "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit, (3) the defendant has accepted or retained that benefit; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the fair value for it." *Chiquita Fresh N. Am. v. Port Everglades Terminal*, 372 So. 3d. 277, 280 (Fla. 4th DCA 2023); *Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012). For a plaintiff to prevail on a claim of unjust

enrichment, "the plaintiff must *directly* confer a benefit to the defendant." *Kopel v. Kopel*, 229 So.3d 812, 818 (Fla. 2017) (emphasis added). Finally, "unjust enrichment, civil theft, and negligent misrepresentation claims that 'sound in fraud' must comply with Rule 9(b)'s particularity requirement." *Pop v. LuliFama.com LLC*, F.4th 1285, 1293 (11th Cir. 2025).

In *Chiquita*, Port Everglades Terminal claimed that its capital improvements enabled Chiquita to reduce its space requirement and renegotiate a separate lease with Broward County, allegedly saving Chiquita $4.6 million. *Chiquita Fresh N. Am. v. Port Everglades Terminal*, 372 So.3d 277, 279-280. Port Everglades Terminal was neither a party to that lease nor involved in the lease negotiations. *Id*. at 280. The Court held that the evidence did not establish unjust enrichment specifically because any benefit Chiquita obtained through its separately negotiated lease with Broward County was indirect, rather than a benefit directly from Port Everglades Terminal to Chiquita. *Id.* at 280.

In this case, there is no direct benefit conferred by the Plaintiffs onto Kurstak. Any benefit derived from the Plaintiffs' funds was conferred directly onto Roberts alone. In fact, the Complaint does not allege Roberts

distributed the sale proceeds to Kurstak, nor does it reference a single instance where Kurstak was paid directly or indirectly from Roberts following sales to the Plaintiffs. Like the renegotiation of a lease with a third party was not a direct benefit in *Chiquita*, any dealings Kurstak had or continued to have with Roberts was entirely independent of Plaintiffs' dealings with Roberts and not a direct benefit received from the Plaintiffs. The Plaintiffs did not purchase the paintings from Kurstak, nor did they ever interact with Kurstak, therefore he received no direct benefit. Plaintiffs do not and cannot allege that any money was paid to Kurstak following their dealings with Roberts; Plaintiffs fail to plead with particularity how, when, or in what amount Kurstak was unjustly enriched by the Plaintiffs. Therefore, this Count should be dismissed.

**B. Plaintiffs Do Not State a Claim for Aiding and Abetting Fraud**

"Florida courts have presumed that a tort claim for aiding and abetting fraud has three elements: (1) the existence of 'an underlying fraud'; (2) that '[t]he defendant had knowledge of the fraud'; and (3) that '[t]he defendant provided substantial assistance to advance the commission of the fraud.'" *His Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1097-1098 (11th Cir. 2017) (quoting *ZP No. 54 Ltd. P'ship v. Fid. & Deposit Co. of Md.*, 917 So. 2d

368, 372 (Fla. 5th DCA 2005)). "[T]he plaintiff's complaint must allege the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Am. United Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1064 (11th Cir. 2007) (quoting *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 568 (11th Cir. 1994)).

In *Martinez,* the Eleventh Circuit affirmed dismissal of aiding-and-abetting-insurance-fraud claims because the complaint did not identify the agents or corporate representatives who participated, the dates on which they rendered assistance, or how their conduct furthered the fraud. *Martinez,* at 1066-1067.

Here, the Plaintiffs do not state with particularity or specificity any instance of fraudulent conduct by Kurstak. Rather, the Plaintiffs state merely that Kurstak has sold paintings to Roberts and/or MFAG in the past without providing any date, time, circumstance, or sales price surrounding these transactions. Compl. ¶ 88. The Plaintiffs allege Kurstak affixed fraudulent authentication "stamps" to "many" of these works without identifying which specific paintings they are referring to. *Id*. The Plaintiffs further allege that Kurstak was affixing "stamps" to the works in Roberts's possession;

however, Plaintiffs fail to identify the meaning of the stamp, any dates of this occurrence, or any specific paintings. *Id*. at ¶92. Therefore, this Count should be dismissed.

**C. The Plaintiffs Fail to State a Claim for Violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA)**

FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1); *Carriuolo v. Gen Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016). To state a consumer claim for damages, a plaintiff must allege: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1097-98 (11th Cir. 2021) (quoting *Carriuolo v. GM Co.*, 823 F.3d 977, 985-86 (11th Cir. 2016)). Fed. R. Civ. P. 9(b)'s heightened particularity requirement applies when the factual allegations underlying the FDUTPA claim sound in fraud. *Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1293 (11th Cir. 2025).

Here, Plaintiffs fail to state a plausible FDUTPA claim for damages against Kurstak because the Complaint rests on speculative, conclusory allegations that fail to connect any alleged deceptive conduct by Defendant to Plaintiffs' actual purchases. Kurstak is not alleged to have had an

interaction with the Plaintiffs. Although the Plaintiffs may have suffered deceptive acts at the hands of Roberts, they have not suffered the same from Kurstak. The Complaint offers only conjecture that Kurstak allegedly supplied six identified paintings to non-party Roberts, without alleging that those six works were inauthentic or, crucially, that Plaintiffs ever purchased any of those specific paintings. Past legitimate commercial dealings between Kurstak and Roberts, which the Plaintiffs are not able to identify with particularity as to date, time, or amount, do not amount to a deceptive act or practice on behalf of Kurstak towards the Plaintiffs.

Furthermore, the Plaintiffs are unable to satisfy the causation aspect of the statute; Kurstak was not the cause of any deceptive acts committed against the Plaintiffs. The Plaintiffs dealings with Roberts were entirely separate and independent of Kurstak. Plaintiffs' bare assertion that Kurstak affixed fraudulent authenticity stamps to "many" of Roberts' paintings is wholly devoid of factual particularity; the Complaint identifies no specific paintings allegedly stamped by Kurstak, no dates or circumstances of the alleged stamping, and no facts showing that Plaintiffs ever encountered or purchased a work allegedly stamped by Kurstak. Therefore, this Count should be dismissed.

**D. The Plaintiffs Fail to State a Claim for a RICO Violation**

RICO makes it unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of an unlawful debt. *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1210 (11th Cir. 2020) (quoting 18 U.S.C. § 1962(c)). The Eleventh Circuit states that a private federal civil RICO plaintiff must plausibly allege that the defendants "(1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Otto Candies, LLC v. Citigroup Inc.*, 137 F.4th 1158, 1196 (11th Cir. 2025) (quoting *Cisneros*, 972 F.3d at 1211). Failure to plausibly allege any element warrants dismissal under Fed. R. Civ. P. 12(b)(6). *Cisneros*, 972 F.3d at 1208. The Plaintiffs allege four of the predicate acts found in the exhaustive list enumerated under 18 U.S.C. § 1961(1): Wire fraud (18 U.S.C. § 1343), Mail Fraud (18 U.S.C. § 1341), Trafficking in Counterfeit Labels and Documentation (18 U.S.C. § 2318), and Money Laundering (18 U.S.C. § 1957). Finally, while "RICO is a broad statute that offers… private plaintiffs

remedies against organized criminal malfeasance… it cannot be invoked every time a group of people causes an injury." *Cisneros*, 972 F.3d at 1208.

Here, the Complaint fails to establish the necessary statutory elements as to Kurstak. Out of 178 paragraphs, Kurstak is mentioned by name in only 14, and of those, a mere three allege any specific conduct. Compl. ¶¶ 52, 88, 92. Specifically, the Complaint only alleges that Kurstak sold six paintings in the past to Roberts. The Complaint fails to allege that Kurstak directed, controlled, or participated in the operation or management of any enterprise nor that Kurstak sought to further the operations of Roberts and his fraudulent conduct. Furthermore, the Complaint completely fails to establish causation: it provides no dates, times, sale prices, or allegations connecting those specific six sales to the actual fraudulent transactions that injured the Plaintiffs, severing the causal chain required for RICO liability.

"A RICO enterprise is 'any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.'" *Cisneros*, 972 F.3d at 1211 (quoting 18 U.S.C. § 1961(4)). For an association-in-fact enterprise, *Cisneros* requires allegations of a shared purpose, relationships among the participants, and sufficient longevity to permit pursuit of the enterprise's

purpose. *Id*. A generalized shared interest in making money is insufficient; where participants seek profit, the plaintiff "must plausibly allege that the participants shared the purpose of enriching themselves through a particular criminal course of conduct." *Id.* at 1211-12. In *Cisneros*, the court held that the association-in-fact enterprise was inadequately plead specifically because the complaint did not allege concrete facts supporting an inference that the involved parties jointly formed and pursued a common fraudulent purpose. *Id*. at 1212-15. The complaint could not rely on conclusory assertions of collaboration to establish the required common purpose. *Id*.

Plaintiffs' Complaint here fails to plausibly allege an association-in-fact enterprise with a shared criminal purpose. The Defendants named in this action are not alleged to have met each other, know one another or of one another, and are not alleged to be in a relationship whatsoever; each simply dealt individually with Roberts. The Complaint offers nothing more than generalized, conclusory assertions of a conspiracy without any concrete facts showing that Kurstak jointly formed and pursued a common fraudulent scheme with Roberts or any other defendant. Providing a few isolated paintings or, arguendo, general authentication stamps to Roberts

does not equate to a shared criminal purpose or a cognizable association-in-fact enterprise.

Finally, where a federal RICO claim is based on mail fraud, wire fraud, or comparable fraud allegations, the complaint must satisfy both the plausibility standard and Rule 9(b)'s particularity requirement. *ADA v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). The complaint must identify "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *ADA*, 605 F.3d at 1291 (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997). Where the predicates underlying RICO and RICO conspiracy claims are "akin to fraud, the heightened pleading standards of Rule 9(b) apply to the RICO claims" *Miccosukee Tribe of Indians of Fla. v. Cypress*, 814 F.3d 1202, 1212 (11th Cir. 2015).

Here, the allegations against Kurstak fall short of Rule 9(b)'s heightened standard. While Plaintiffs' Complaint vaguely asserts that Kurstak provided fake authentication stamps to "many of" Roberts' paintings, it fails to identify any specific instances, dates, times, or even

specific paintings that Kurstak allegedly stamped. Moreover, although the Plaintiffs claim some of the paintings they purchased were stamped, they completely fail to allege or identify which of those specific works were stamped by Kurstak. Because the complaint fails to identify what, when, and where Kurstak allegedly stamped, the fraud-based RICO claims against Kurstak should be dismissed.

**E. The Plaintiffs Fail to State a Claim for Violation of Fla. Stat. § 772.103**

Florida law makes it unlawful for a person "with criminal intent" to receive "any proceeds derived, directly or indirectly, from a pattern of criminal activity… in the establishment or operation of any enterprise." Fla. Stat. § 772.103. Florida defines an "enterprise" to include individuals, specified business and legal entities, uncharted unions, associations, groups associated in fact, and governmental, licit, or illicit entities. Fla. Stat. § 772.102(3). A Florida RICO complaint must plead: (1) an enterprise with which the defendant was employed or associated with in committing the crimes, (2) a pattern of racketeering activity, and (3) at least two incidents of racketeering having similar intents, results, accomplices, victims, or methods, or otherwise interrelated by distinguishing characteristics and are

not isolated incidents. *MP, LLC v. Sterling Holding, LLC*, 231 So.3d 517, 524 (Fla. 3rd DCA 2017). Finally, any averment sounding in fraud must be plead with particularity. Fed. R. Civ. P. 9(b); Fla. R. Civ. P. 1.120(b).

Focusing strictly on the statutory requirement that the predicate incidents share connecting characteristics and are not isolated occurrences, Plaintiffs' Complaint fails to properly allege a Florida RICO violation as to Kurstak. The few allegations against Kurstak are of isolated conduct – specifically, selling a small number of paintings to Roberts in the past and vague allegations of providing stamps, without providing more context or information as to specific dates, times, or connections to the Plaintiffs. These allegations of independent dealings with Roberts do not constitute a connected pattern of interrelated incidents and thus the Plaintiffs fail to adequately state a RICO claim. Although *MP, LLC* references two incidents having "similar…victims," there were no victims of Kurstak's independent transactions with Roberts and any conduct undertaken by Roberts in the future is unrelated and unbeknownst to Kurstak. Further, for the reasons articulated in Section IV-D of this Motion to Dismiss, the Plaintiffs fail to properly allege the existence of an association-in-fact. This Count should be dismissed.

**F. CIVIL CONSPIRACY**

Under Florida law, a civil-conspiracy complaint generally must allege (1) an agreement between two or more parties, (2) to do an unlawful act or to do a lawful act by unlawful means, (3) the doing of some overt act in pursuance of the conspiracy, and (4) damage to plaintiff as a result of the acts done under the conspiracy. *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla. 3rd Dist. Ct. App. 1997). A civil conspiracy claim requires more than general allegations of conspiracy; the pleading "must set forth clear, positive, and specific allegations of civil conspiracy." *Eagletech Communs., Inc. v. Bryn Mawr Inv. Group, Inc.*, 79 So. 3d 855, 863 (Fla. 4th Dist. Ct. App. 2012) (quoting *World Class Yachts, Inc. v. Murphy*, 731 So. 2d 798, 799 (Fla. 4th Dist. Ct. App. 1999)). "[W]here a conspiracy claim alleges that two or more parties agreed to commit fraud, the plaintiffs must plead this act with specificity." *Am. United Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1067-1068 (11th Cir. 2007). Asserting a claim" under a heightened [Rule 9(b)] standard 'must mean that an essential allegation and circumstance of fraudulent conduct cannot be alleged' in a 'conclusory fashion.'" *Otto Candies, LLC v. Citigroup Inc.*, 137 F.4th 1158, 1200 (11th Cir. 2025) (quoting *United States ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1313 (11th Cir. 2002)).

Here, the Plaintiffs' Complaint again fails to plead enough specificity to assert a civil conspiracy claim against Kurstak. The defendants are not alleged to have met, known each other, or done anything other than engage in independent isolated transactions with Roberts. Legitimate commercial dealings between Kurstak and Roberts are an insufficient basis to assert liability against Kurstak for actions taken by Roberts in the future. Kurstak is mentioned sparsely in the Plaintiffs' complaint, with a few short paragraphs alleging conduct limited to selling a small number of past paintings and providing stamps without any specific dates, prices, or connection to the Plaintiffs' purchases. Furthermore, the Plaintiffs' fail to describe in any detail the appearance of the alleged authentication stamps nor the nature or context in which they were allegedly affixed. The allegations of isolated transactions between Roberts and Kurstak lack any concrete facts showing a mutual agreement or meeting of the minds; rather Complaint wholly fails to demonstrate that Kurstak ever agreed or knowingly participated in any scheme perpetrated by Roberts to defraud the Plaintiffs. Most importantly, Plaintiffs fail to plead with particularity or any detail how, when, or through what methods Kurstak defrauded or committed any misconduct against Plaintiffs.

## V. CONCLUSION

Plaintiffs' unjust enrichment claim fails to allege that Kurstak ever received any benefit from the Plaintiffs nor any indirect benefit through Roberts following Roberts's dealings with Plaintiffs. Plaintiffs RICO claims fail to plead with any particularity the existence of an association-in-fact enterprise nor any explanation as to how Kurstak caused the Plaintiffs to be defrauded. Plaintiffs do not state a FDUTPA or aid-and-abetting fraud claim because they fail to allege with any particularity facts demonstrating that Kurstak deceived them or attempted to defraud them. Finally, Plaintiffs fail to allege the existence of a civil conspiracy as the Complaint is devoid of any facts demonstrating an agreement between the parties to defraud them. For the foregoing reasons, Plaintiffs fail to state a claim against Kurstak.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss the Complaint as to Defendant Kurstak and award any other relief deemed appropriate.

Dated: November 16, 2026

Respectfully Submitted,

**SHRADER MENDEZ**
5502 N. Nebraska Ave
Tampa, FL 33604
Phone: (813) 360-1529
Fax: (813) 336-0832
/s/ Brian L. Shrader
**BRIAN L. SHRADER, ESQ.**
Florida Bar No.: 57251
E-mail: bls@smjustice.com
E-mail: pleadings@shraderlawfirm.com
*Attorney for Defendant, Edward Kurstak*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 16, 2026, a true and correct copy of the foregoing was filed with the Clerk's Office by CM/ECF system, which will serve a copy on all e-filers and counsel of record.

/s/ Brian L. Shrader
*Attorney*